# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

LEVI ARTHUR FEDD,

    Plaintiff,

v.

WARDEN ANTOINE CALDWELL, et al.,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-78

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently an inmate at Smith State Prison in Glennville, Georgia, filed this action under 42 U.S.C. § 1983 on February 6, 2017, while incarcerated in an unspecified Georgia Department of Corrections' ("GDC") facility. Doc. 1. It originally appeared that Plaintiff intended to contest conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Id.; Doc. 16 at 1. The Court granted Plaintiff leave to proceed *in forma pauperis*. Doc. 9. However, on May 3, 2018, the Court deferred the requisite frivolity review and instead instructed Plaintiff to submit an amended Complaint on this Court's form for prisoner-plaintiffs seeking to file a § 1983 action. Doc. 16. Plaintiff did not submit a timely reply, and on June 26, 2018, the Magistrate Judge recommended the Court dismiss Plaintiff's cause of action for failure to prosecute and failure to follow this Court's Orders. Doc. 17.

The Court received Plaintiff's reply 15 days after the time for objections expired. Doc. 18. Rather than dismiss the response entirely, the Court, in an Order issued July 31, 2018, provided Plaintiff a second opportunity to submit an amended Complaint on the Court's proper

form.[1]  Doc. 19.  The Court ordered Plaintiff to file his properly amended Complaint by August 14, 2018 or face dismissal without prejudice.  Id. at 2.  The Court did not receive Plaintiff's responsive pleading until August 30, 2018, around two weeks after Plaintiff's time to respond expired.  Doc. 20.

While Plaintiff's one-page response is not entirely clear, he states that "some mix up" occurred.  Id.  Plaintiff writes:

> The Plaintiff come as pro se counsel to respon to Magistrate Judge Report and Recommendation to case: 6-17cv78.  I Petitioner do know of this case because one Warden Antoine Caldwell et al not at Georgia State Prison in Ware Stat Ware Co State Prison.  This some mix up on someone party.  And Plaintiff is currently incarcerated at Smith State Prison Glenville Georgia.  Plaintiff have ever hear of this case, and at this do not have unstand of this case.  Pless remove this:
> Sing by pro se counsel Levi Arthur Fedd – 283507 – Smith State Prison
> <u>Mistake case:</u> The Petition have case in other county-court.[2]

Id.

The Court recognizes the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir.

---

[1] The record before the Court shows that the Clerk's Office mailed a copy of the § 1983 complaint form to Plaintiff.

[2] The Court has fixed some capitalization and punctuation issues without bracketing the alterations but has otherwise quoted the pleading exactly as written by Plaintiff.  Doc. 20 at 1.  Other than the changes just mentioned, the grammar, spelling, and content of these sentences accurately reflect what Plaintiff wrote in his August 30, 2018 filing.  Id.  Because Plaintiff's August 30, 2018 filing is not easily decipherable, and because, as discussed below, the Court is construing Plaintiff's pleading as a voluntary motion for dismissal, it is important that this Report and Recommendation reflect the exact nature of Plaintiff's writing.  The Court does not intend to disparage Plaintiff for his spelling or grammatical errors or to comment on them in any way.  Rather, the Court includes them only in context of its effort to decipher Plaintiff's intent.

2003)). "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). In accordance with these principles, the Court construes Plaintiff's responsive filing as notice of his voluntary dismissal of the above-styled action. The Court finds that Plaintiff represented that he has another case pending against Defendant Caldwell in another court, and that Plaintiff's request to "remove this" and his reference to a "mistake case" both refer to this action.

Under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss his own case without leave of court "by filing a notice of a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). The Court has not yet ordered the United States Marshal serve Defendants in this action, nor has any Defendant filed an Answer, motion for summary judgment, or, in fact, any type of pleading at all. Thus, Plaintiff's August 30 pleading, construed as a notice of dismissal, effectively dismisses this action without prejudice. I, therefore, **RECOMMEND** the Court **GRANT** Plaintiff's Motion for Voluntary Dismissal, **DISMISS without prejudice** Plaintiff's Complaint, and **DIRECT** the Clerk to **CLOSE** this case and enter the appropriate judgment of dismissal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of April, 2019.

	_____
	BENJAMIN W. CHEESBRO
	UNITED STATES MAGISTRATE JUDGE
	SOUTHERN DISTRICT OF GEORGIA